UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY ELIAS NAZZAL,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>        Defendant. | CASE NO. C25-5656 BHS<br><br>ORDER |

THIS MATTER is before the Court on review of pro se plaintiff Tony Nazzal's proposed complaint, Dkt. 4, following Magistrate Judge David Christel's order granting Nazzal's application to proceed *in forma pauperis*, Dkt. 3. Nazzal has since filed a premature motion to issue subpoenas duces tecum, Dkt. 5, and an emergency motion for a preliminary injunction, Dkt. 8.

Because Nazzal has not stated a plausible claim, his motions are DENIED. He may file an amended complaint within 21 days.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has

ORDER - 1

broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted . . . ." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Nazzal's complaint, Dkt. 4, does not meet this standard. Nazzal contends he was on active duty with the Washington National Guard from 2003 to 2005, and in 2006 the Veterans of Foreign Wars persistently solicited him to sign some unidentified "contract" regarding his "benefits." Dkt. 4 at 1. Nazzal describes the contract as "unusually lengthy," misleading, and lacking in clarity, but he also contends he does not have a copy of it. He does not contend that he signed it, or that VFW or anyone else breached it. He

ORDER - 2

does not articulate the import of the missing contract. Dkt. 4 at 1–4. Instead, he simply suggests that some 18 years ago the VFW asked him to sign a contract and he doesn't know what it said.

Nazzal claims he has asked the VFW for a copy of the contract but it has not provided him a copy. His complaint seeks primarily a copy of his contract, so that he can analyze it and determine what happened, and then perhaps revise his compliant accordingly. *Id.* at 4–5.

Nazzal has not identified any claim, or pled facts supporting any claim against the VFW or the VA. He has not identified the basis for this Court's subject matter over the case, because he has not identified a plausible claim for relief.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Nazzal shall file an amended complaint describing a viable claim for relief and facts supporting the reasonable conclusion that the defendant is liable to him for some wrongdoing. If he does not, the matter will be dismissed without prejudice and without further notice. Nazzal's pending motions, Dkts. 5 and 8, are **DENIED** without prejudice to re-file if and when he files a plausible claim.

**IT IS SO ORDERED**.

//

//

1     Dated this 25th day of August, 2025.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge